PER CURIAM.
This is an appeal of an order summarily denying a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. We affirm in part and reverse in part.
On appeal from a summary denial, this court must reverse unless the postconviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R. Supp. P. 9.141(b)(2)(D).
We agree with the trial court on the denial of claims one, five, six, seven, and eight.
The defendant contends in substance that his trial counsel was ineffective by failing to adequately challenge the ownership of certain drugs recovered in the car occupied by the defendant and codefen-dant, and in the home of the codefendant. The codefendant testified that the drugs belonged to the defendant. The defendant has outlined steps he maintains that his counsel could and should have taken to demonstrate that the drugs actually belong to the codefendant. The defendant contends that had this been done, it would have resulted in a lower level of felony conviction and lower sentence in the defendant’s case.
The only issue before us at this time is whether the postconviction record now before us conclusively refutes the defendant’s claim, and it does not. We therefore reverse the order now before us with regard to claims two, three, and four, and remand *926 for an evidentiary hearing or other appropriate relief. If the trial court again enters an order summarily denying the post-conviction motion, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
Affirmed in part, reversed in part, and remanded for further proceedings consistent herewith.